In the Matter of J. P. STEVENS & Co., INC., Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board. On January 21, 1952, the Utica and Mohawk Cotton Mills, Inc., which had been engaged in manufacturing, sold all its assets in New York State to J. P. Stevens & Co., Inc. The seller intended to discontinue all its New York business and the buyer did not intend to continue that business, but merely to acquire assets. There remained, however, a program of discontinuance of Utica's operations and winding up its manufacturing commitments. The proof is that at the time of transfer of assets by Utica " all of its New York operations had not been completely discontinued " and " the services of all of its employees had not been terminated." It also was established that Stevens " continued with this program ". While all manufacturing operations had ceased by February 2, 1952, some work in connection with Utica's business continued into March. The statute, Unemployment Insurance Law (Labor Law, art. 18, § 581, subd. 4) provides that where an employer transfers his " organization, trade or business in whole or in part " the transferee shall take over and continue the transferor's employer's account under the Unemployment Insurance Law " including its balance and all other aspects of its experience ". The Unemployment Insurance Appeal Board has held,

affirming a referee, that Stevens by the acts accompanying the transfer of Utica's assets, also took over Utica's unemployment insurance account, and that the rate of Stevens which was adversely affected by the combining of the two accounts, was properly fixed under the statute. Some of the employees of Utica, whose claims tend to affect the balance in Utica's account and hence Stevens' rate under the accounts as combined, were separated by Utica before the transfer of assets and some were separated by Stevens after that time. If the account is deemed transferred, however, and assumed by the transferee, both classes of employees are chargeable to Stevens' account, since the whole of the Utica balance, unsegregated as to particular classes of employees, is transferred. We think there was a transfer of "organization, trade or business" with the transfer of assets. It was the "business" of Utica to carry out the program of continuing to execute its manufacturing commitments until they were complete; it was part of its "trade" to do this; and the employees of Utica who continued to February 2d and the few who continued on after this were, in part, Utica's "organization". In becoming a transferee of these activities and instrumentalities as well as of assets, Stevens also became a transferee, we think, of the Utica unemployment insurance employer's account. Decision unanimously affirmed, with costs to respondent. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.